The Honorable Jim von Gremp State Representative P.O. Box 866 Bentonville, AR 72712-0866
Dear Representative von Gremp:
This is in response to your request for an opinion on the following question regarding the hotel and restaurant tax authorized under A.C.A. § 26-75-601 et seq. (1987 and Cum. Supp. 1993), commonly referred to as the "hamburger tax":
 Under the Freedom of Information Act, is the Bentonville City Council/Advertising and Promotion Commission required to make available to the public the taxes of individual establishments?
Please note that I have enclosed copies of Attorney General Opinions91-390 and 87-259, which address this issue. As stated in Opinion91-390, with reference to Opinion 87-259, this question requires a case-by-case determination. Op. Att'y Gen. 91-390 at 2. There is no specific FOIA exemption for the city tax information. Id. at 3. Rather, Freedom of Information Act ("FOIA") requests that target hamburger tax records pertaining to specific businesses may require evaluation under the FOIA exemption for "[f]iles which, if disclosed, would give advantage to competitors or bidders. . . ." A.C.A. § 25-19-105(b)(9)(A) (Supp. 1993).
As stated in Opinion 91-390, the burden of proving eligibility for this so-called "competitive advantage" exemption is upon the entity seeking nondisclosure. A determination that all such tax records are exempt, in the absence of a specific showing of competitive injury, would be contrary to the FOIA's general policy of disclosure. See generallyCommercial Printing Co. v. Rush, 261 Ark. 468, 549 S.W.2d 790 (1977). Whether the disclosure of particular records would give advantage to competitors will depend upon the likelihood of substantial harm to the competitive position of the one seeking the exemption. Id. at 3. Seealso Ops. Att'y Gen. 95-108 and 94-015. Conclusory or generalized assertions in this regard will not suffice. Op. Att'y Gen. 87-473. Rather, specific factual or evidentiary material must be presented showing actual competition and the likelihood of substantial competitive injury from disclosure of the records. Id. This necessarily involves a case-by-case determination. Although the responsibility of review falls on the custodian of the records, the custodian must in turn rely upon information supplied by the one claiming the exemption. Op. Att'y Gen.87-194.
In conclusion, therefore, there may be scenarios where the competitive advantage exemption might properly be claimed by individual businesses in response to FOIA requests for this tax information. The necessary factual review, however, prevents any across-the-board determination. While I thus cannot provide a conclusive opinion in response to your question, the foregoing sets out the legal framework for the factual analysis.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh